UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERPIECE ARTIST CANVAS, INC., | No. C-09-1971 EMC |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF MARCH 10, 2010** |
| UNIGARD INSURANCE COMPANY, | |
| Defendant. _____/ | **(Docket No. 38)** |

The parties have submitted a joint letter, dated March 10, 2010, regarding a discovery dispute. Having reviewed the joint letter and accompanying submissions, the Court hereby rules as follows.

(1) MAC's request that Unigard be barred from taking *any* discovery from Michael's is DENIED. That Mr. Sooklaris and Ms. Wild have provided deposition testimony is not adequate because both have interests aligned with MAC. That former Michael's employees are available to testify is not dispositive. Given that the events at issue took place four to five years ago, memories have likely faded. In other words, documents from Michael's will likely be critical.

(2) The document requests proposed by Unigard are reasonable. Although the Court agrees that the first six requests largely ask for the same information, there is no undue burden on Michael's or MAC if they are propounded. As for information about MAC's proposal to move its production facilities to Mexico, the Court cannot say at this juncture that the information is irrelevant. MAC's capabilities may well have factored into Michael's decision on whether or not to purchase MAC's products.

(3) As for depositions, at this juncture, a 30(b)(6) deposition of Michael's is not necessary. At the very least, Unigard should first evaluate the document production from Michael's to see whether it obviates the need for a deposition. In addition, depositions of former Michael's employees (*e.g.*, Mr. Parker, Mr. Sandfort, Mr. Kanter) may obviate the need for a 30(b)(6) deposition from Michael's (or other current Michael's employees). The Court acknowledges that, as former employees, their testimony will not bind Michael's. However, Michael's is a third party in this litigation, and thus there is no need to "bind" Michael's. The Court notes that, at this point, its ruling limiting discovery is based largely upon the burden on Michael's as opposed to any alleged harm that MAC would suffer. Although MAC could have provided evidence to substantiate its claim of harm, it has not done so. *See* Docket No. 38 (Letter at 5) (simply asserting that "Mr. Sooklaris is prepared to submit a declaration to this effect to the court").

(4) This ruling does not bar Unigard from subsequently seeking deposition testimony from Michael's or other current Michael's employees.

IT IS SO ORDERED.

Dated: March 12, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge